IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JOSINNIE E. JOHNSON                                                              PLAINTIFF
ADC #160272

v.                              No: 4:22-cv-01220-LPR-PSH

SAMUEL BAKER, *et al.*                                                         DEFENDANTS

### PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

#### I. Introduction

Plaintiff Josinnie E. Johnson filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on December 8, 2022, while incarcerated at the W.C. Brassell Adult Detention Center in Jefferson County, Arkansas ("Dub Brassell"), as a pre-trial detainee. Doc. No. 2. Johnson alleged that beginning on October 21, 2022, Lieutenant Samuel

Baker sexually harassed him, denied him meals, and threatened to kill and starve him through October 30, 2022. *Id.* at 4. He further alleged that Corporal Cody Jacobs allowed other inmates to attack him and joined in that attack on October 30, 2022. *Id.* Service was ordered and obtained on Baker and Jacobs. Doc. Nos. 3, 6-7.

Baker filed a motion for summary judgment, a brief in support, and a statement of facts claiming that Johnson had not exhausted his claims against him before he filed this lawsuit (Doc. Nos. 16-18). Jacobs moved to adopt the motion for summary judgment filed by Baker and was allowed to do so. *See* Doc. Nos. 19-20. Despite the Court's order notifying Johnson of his opportunity to file a response and statement of disputed facts, he did not do so. Doc. No. 20. Because Johnson failed to controvert the facts set forth in the defendants' statements of undisputed facts, Doc. No. 18, those facts are deemed admitted. *See* Local Rule 56.1(c). The defendants' statement of facts, and the other pleadings and exhibits in the record, establish that the material facts are not in dispute and defendants are entitled to judgment as a matter of law.

## II.  Legal Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits or declarations, if any, show that there is no genuine

issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56; *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III. Analysis

The defendants argue that they are entitled to summary judgment because Johnson failed to exhaust his administrative remedies before he filed this lawsuit. *See* Doc. No. 17. In support of their motion for summary judgment, the defendants submitted an affidavit by Jail Administrator Chief Deputy Jimmy Hudson (Doc. No.

18-1); Johnson's Arrest and Booking Sheet (Doc. No. 18-2); grievances and requests filed by Johnson during his incarceration at Dub Brassell (Doc. No. 18-3); and a copy of Dub Brassell's grievance policy (Doc. No. 18-4).

### A. *Exhaustion of Administrative Remedies*

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory. *Jones v. Bock*, 549 U.S. at 211. The PLRA's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The PLRA does not, however, prescribe the manner in which exhaustion occurs. *See Jones v. Bock*, 549 U.S. at 218. It merely requires compliance with prison grievance procedures to properly exhaust. *See id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies depends on the grievance policy of the particular prison where the alleged events occurred. *See id.*

Dub Brassell has established procedures for submissions of grievances and requests by detainees. Doc. No. 18-4, *Grievance Procedure*. That policy allows a detainee to submit written notice of a complaint, request, or problem to a jailer. *Id.*

4

at 2. The policy requires that written detainee grievances be promptly investigated, promptly answered in writing, and if legitimate, satisfactorily resolved. *Id.* The detainee must clearly describe all facts and all requests, and if the grievance is placed in an envelope, the word grievance must be written on the outside of the envelope. *Id.* Dub Brassell's policy requires that grievances be reviewed immediately upon receipt to determine urgency. *Id.* at 3. Absent an emergency, the grievance is investigated, and, if valid, resolved within a reasonable time. *Id.* Regardless of whether the matter is found to be with or without merit, the grievant is informed of the disposition of the grievance, in writing, within ten working days of the day the grievance is received. *Id.* If for any reason a detainee fears use of the grievance procedure, policy states that the detainee's grievance may be presented directly to the sheriff as an appeal. *Id.* at 4. The policy further provides that all grievances and responses, dated and signed, are placed in the grievant's jail file. *Id.*

### B. *Exhaustion of Johnson's Claims*

The defendants provided a record of grievances and requests Johnson submitted at Dub Brassell. *See* Doc. No. 18-1 at 1; Doc. No. 18-3. From the time of Johnson's booking on April 27, 2022, until the date he filed his complaint in this case on December 8, 2022, Johnson submitted just one grievance, dated October 9, 2022, in which he asked to be taken "off pc" for good behavior. Doc. No. 18-3 at 1.

He received a response from Baker, stating, "No at this time due to your behavior." *Id.*

The Court finds Johnson failed to exhaust his administrative remedies with respect to his claims in this case for two reasons. First, there is no record of any written grievance or request from Johnson alleging that defendants Baker or Jacobs violated his rights between October 21, 2022, and November 1, 2022, as he alleges in his complaint. Second, Johnson acknowledges in his complaint that he failed to exhaust administrative remedies, stating, "I was not able to exhaust a grievance on this matter because I was not given a chance and they do not answer grievances." Doc. No. 2 at 4. But he has not shown that the grievance procedure was unavailable to him. *See East v. Minnehaha Cty.*, 986 F.3d 816, 821 (8th Cir. 2021) (holding that an inmate need only exhaust *available* administrative remedies). "Administrative remedies are not available if 'prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" *Id.* (quoting *Ross v. Blake*, 136 S.Ct. 1850, 1860 (2016)). Administrative remedies may also be unavailable if prison officials prevent inmates from utilizing the grievance procedures or fail to comply with such procedures. *See Gibson v. Weber*, 431 F.3d 339 (8th Cir. 2005); *Miller v. Norris*, 247 F.3d 736 (8th Cir. 2001). The record shows that Johnson was able to submit grievances because he did so on October 9, 2022 (and received an answer). He has not alleged that

prison officials prevented him from using the grievance procedures, and his belief that the grievance procedure would be ineffective did not render it unavailable to him.

Because Johnson did not grieve his complaint allegations and has not shown that he was unable to do so, as he alleged in his complaint, Baker and Jacobs are entitled to summary judgment.

### IV.  Conclusion

Johnson did not exhaust available administrative remedies before initiating this lawsuit.  Accordingly, defendants Baker and Jacobs' motion for summary judgment (Doc. No. 16) should be granted and Johnson's claims dismissed without prejudice.

DATED this 26th  day September, 2023.

_____
UNITED STATES MAGISTRATE JUDGE